UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PATRICK JEROME STEWARD, )
)
Plaintiff, )
)
v. ) No. 4:18-CV-1768 JAR
)
TAMARA GREGORY, et al., )
)
Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Patrick Jerome Steward for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00 *See* 28 U.S.C. § 1915(b)(1). Additionally, plaintiff will be required to amend his complaint on a court-provided form within thirty (30) days of the date of this Memorandum and Order in accordance with the instructions set forth herein.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement, stating that he has been unable to attain one from Warren County Jail. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v.*

*Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is an inmate at the Warren County Jail. He filed his original complaint on or about October 15, 2018, against defendants Tamara Gregory (Jailer), Steve Wright (Jailer) and Lisa Hobusch (Nurse) alleging that in the Fall of 2018 he had been improperly treated for high blood sugar by defendants on three separate occasions, as well as for a hurt shoulder. Plaintiff brought this lawsuit against defendants in both their individual and official capacities.

Plaintiff has attached grievances he filed at the Jail, as well as grievance responses relating to the incidents in question indicating that he was not being prescribed insulin by a Dr. Buckles during some of the time periods he is complaining of in his complaint.[1]

Plaintiff has also filed six supplements to his complaint, setting forth additional claims against defendants. In his first supplement, plaintiff asserts that Nurse Hobusch failed to properly inform Dr. Buckles that his blood sugar levels were "beyond danger levels," thus he was not given his insulin, "as was protocol." Plaintiff further asserts that on October 7, 2018, he was assaulted at the Warren County Jail by another inmate when his blood sugar was high. He asserts

---

[1] These documents are considered part of the complaint pursuant to Fed.R.Civ.P.10.

that "he came close to his death because staff was not following procedure when [his] blood sugar was so high." [Doc. #3]

In plaintiff's second supplement he asserts that because the victim (of a purportedly stolen car) in his criminal case no longer wanted to press charges against him, he is being maliciously prosecuted, falsely imprisoned, falsely arrested and held on "extreme bond." Plaintiff asserts that his charges of felony resisting arrest and driving while revoked are not enough to keep him incarcerated in Warren County Jail, and he is being held in violation of the Constitution. [Doc. #4]

In plaintiff's third supplement, he asserts that he needs to see a mental health specialist due to being held in the Warren County Jail "against his will." He asserts that he is being held in violation of double jeopardy, and that his due process rights are being violated by Prosecutor Kelly King. Plaintiff asserts that he is seeking $1500 per day for being held against his will, and for other civil rights violations. Plaintiff asserts that he is also seeking $250,000 in punitive damages. [Doc. #7]

In plaintiff's fourth supplement, plaintiff states that he is suffering from high blood pressure, chest pain and shortness of breath at the Warren County Jail and the medication he is receiving from Dr. Buckles is not assisting in his medical needs. Plaintiff states that he believes he is being falsely imprisoned, and he asserts that Prosecutor King has entered into a conspiracy with unknown individuals to keep him at the Jail. [Doc. #8]

## Discussion

The Court has reviewed the complaint and believes that, although plaintiff may be able to assert claims based on the denial of his constitutional rights, he has improperly joined in this one

4

lawsuit all five defendants and his numerous claims against them. Rule 20(a)(2) of the Federal

Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any
> right to relief is asserted against them jointly, severally, or in the
> alternative with respect to or arising out of the same transaction,
> occurrence, or series of transactions or occurrences; and (B) any
> question of law or fact common to all defendants will arise in the
> action.

Therefore, a plaintiff cannot join, in a single lawsuit, a multitude of claims against

different defendants that are related to events arising out of different occurrences or transactions.

In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B

against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims

against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the

required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous

suits or appeals that any prisoner may file without prepayment of the required fees." *Id.*

Rule 18(a) of the Federal Rules of Civil Procedure, which governs joinder of claims,

provides:

> A party asserting a claim to relief as an original claim,
> counterclaim, cross-claim, or third-party claim, may join, either as
> independent or as alternate claims, as many claims, legal,
> equitable, or maritime, as the party has against an opposing party.

Therefore, multiple claims against a single defendant are valid.

Because plaintiff is proceeding pro se, the Court will give him an opportunity to file an

amended complaint. In so doing, plaintiff should select the transaction or occurrence he wishes

to pursue, and limit the facts and allegations to the defendant(s) involved therein. Plaintiff

should only include claims that arise out of the same transaction or occurrence, or simply put,

claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may

choose to select one defendant and set forth as many claims as he has against that single defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim as a new civil action on a separate complaint form, and either pay the filing fee or file a motion for leave to proceed in forma pauperis.

Plaintiff must prepare the amended complaint using a Court-provided form, and must follow Rule 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires that the complaint contain a short and plain statement of the claim showing entitlement to relief. In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual capacity or official capacity.[2] If plaintiff is suing more than one defendant, he shall proceed in this manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated.

Plaintiff is advised that he must allege facts that show how each defendant is causally linked to, and directly responsible for, violating his rights. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights). Plaintiff

---

[2] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

6

is also advised that, for an action to be allowed to proceed against a fictitious, or "Doe" defendant, the complaint must make sufficiently specific factual allegations to permit that defendant to be identified after reasonable discovery. *See Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of the amended complaint completely replaces the original. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to subpoena plaintiff's prison trust account [Doc. #3] is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint, in accordance with the Federal Rules of Civil Procedure and the instructions set forth in this Memorandum and Order, no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two (2) blank forms for the filing of a prisoner civil rights complaint. Plaintiff may request additional forms from the Clerk, as needed.

**If plaintiff fails to timely comply with this Order, the Court may dismiss this action, without prejudice and without further notice.**

Dated this _____ 9ᵗʰ _____ day of May, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE