UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICK JEROME STEWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV-1768-JAR |
| ) | |
| TAMARA GREGORY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of the amended complaint by self-represented plaintiff Patrick Jerome Steward (registration no. 505272), an inmate at Boonville Treatment Center. The Court previously granted plaintiff *in forma pauperis* status and reviewed his original complaint under 28 U.S.C. § 1915. ECF No. 9. Based on that review, the Court directed plaintiff to file an amended complaint on a Court-provided form and in compliance with the Court's instructions. The Court warned plaintiff that his amended complaint would also be reviewed under § 1915. For the reasons discussed below, the Court will dismiss plaintiff's claims against defendants Tamara Gregory, Steve Wright, Lisa Hobusch, and Dr. Unknown Buckles pursuant to 28 U.S.C. § 1915 for failing to state a claim upon which relief may be granted.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which

is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a self-represented complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

**The Complaint and Amended Complaint**

Plaintiff filed his original complaint on October 15, 2018 pursuant to 42 U.S.C. § 1983 against defendants Tamara Gregory (Jailer), Steve Wright (Jailer) and Lisa Hobusch (Nurse) alleging that he had been improperly treated for high blood sugar on three separate occasions, as well as for a hurt shoulder. ECF No. 1. At all times relevant to the complaint, plaintiff was an inmate at the Warren County Jail. Subsequent to filing his complaint, plaintiff filed four supplements setting forth additional claims against the defendants, which included allegations that

he was maliciously prosecuted, falsely imprisoned, falsely arrested, and was being held in violation of double jeopardy. ECF Nos. 3, 4, 7, and 8.

On May 9, 2019, the Court reviewed plaintiff's original complaint and supplements to the complaint and found them to be deficient for improperly joining into one lawsuit "a multitude of claims against different defendants that [were] related to events arising out of different occurrences or transactions." ECF No. 9 at 5. The Court provided plaintiff with instructions for amending the complaint.

Plaintiff filed his amended complaint on May 17, 2019. ECF No. 10. Plaintiff brings claims against the three original defendants and an additional defendant, Dr. Unknown Buckles. All defendants are sued in their official and individual capacities.

Plaintiff states his claims against the defendants in a few short paragraphs:

On 9-18-2018 Tamara Gregory escorted me to get blood sugar check. Present at the Control Center was Steve Wright with blood sugar check supplies. Blood sugar was #516. Tamara nor Steve called a Medical Doctor or Medical Personnell [sic] as Policy and Procedure. Nor did they give me a shot of insulin. Tamara led me back to my cell like it was no alarm where I was locked back down to wait for my demise. Approximately time 9-10:30pm at Warren County Jail.

Nurse Lisa Hobusch from dates of 8-21-2018 to 9-19-2018, refused to see me and refused to give me my life threatening medication, insulin, while here at Warren County Jail and lied about the Dr., Dr. Buckles denying me insulin. Blood level reached over #500 where I was left by "Jail Staff" to demise in my jail cell.

Per Dr. Buckles order, I was denied insulin as stated in a Grievance on 9-11-2018, from Nurse Lisa Hobusch.[1]

8th Amendment violation. Right to adequate medical care. 14th Amendment violation. Right to receive proper medical care.

ECF No. 10 at 4-5.

---

[1] Plaintiff incorporates by reference in his amended complaint, Exhibits A and B to his original complaint. *See* Fed.R.Civ.P.10.

>Plaintiff describes his injuries as:
>
>Lost balance and injured [sic] damaged shoulder (left shoulder). Mental anguish. Stress, Loss of sleep. Scare of near death, dying. Pain and suffering. Have thoughts and dreams of Dying in the Custody of Warren County Jail because of their negligence.

ECF No. 10 at 5.

For relief, plaintiff seeks $30,000 in actual damages, $60,000 in punitive damages, and states he "will settle for $50,000." ECF No. 10 at 6.

## Discussion

### A.  Official Capacity Claims Against Gregory, Wright, Hobusch, and Dr. Buckles

Plaintiff's official capacity claims against defendants Gregory, Wright, Hobusch, and Dr. Buckles must be dismissed. A suit brought against a state official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's employer. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In other words, the real party in interest in an official-capacity suit is not the named official, but the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). *See also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). Accordingly, a plaintiff suing a public employee in his or her official capacity "sues only the public employer and therefore must establish the municipality's liability for the alleged conduct." *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016).

Plaintiff alleges defendants are employees of the Warren County Jail. A suit against a person in his or her official capacity is treated as a suit against that person's employer. Neither a jail nor a sheriff's department is a suable entity under § 1983. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001).

Even if Warren County was substituted as the employer, the claim still fails. In order to establish municipal liability, plaintiff must allege facts showing that the county has an unconstitutional policy, unofficial custom, or has failed to train or supervise its employees. *See Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). Plaintiff has not alleged facts regarding any unconstitutional policy, unofficial custom, or failure to train, and has therefore failed to establish the county's liability. In fact, plaintiff alleges the opposite of an unconstitutional policy by claiming that Gregory and Wright violated "Policy and Procedure" when they failed to call for a doctor after he received high blood sugar test results. In other words, plaintiff alleged that Warren County Jail had an appropriate policy, but defendants failed to comply. Therefore, plaintiff's claims against defendants Gregory, Wright, Hobusch, and Dr. Buckles in their official capacities must be dismissed.

### B. Individual Capacity Claims

#### 1. Tamara Gregory and Steve Wright

Plaintiff's individual capacity claims against defendants Gregory and Wright must be dismissed. To prevail on his Eighth Amendment claim, plaintiff must show that (1) he suffered from an objectively serious medical need and (2) defendant knew of, but deliberately disregarded, that need. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011).

Plaintiff states that Gregory and Wright are Jailers, not medical professionals. Plaintiff states that on September 18, 2018, Gregory escorted him to get his blood sugar checked and Wright was present with blood sugar check supplies. Plaintiff claims his blood sugar results were high and alleges that Gregory and Wright violated "Policy and Procedure" by failing to call a doctor or give him a shot of insulin. Plaintiff does not allege, however, that he suffered from a recognized medical condition such as diabetes that required insulin for treatment; that Gregory or Wright had the authority as non-medical professionals to administer insulin to an inmate; that they were aware

- 5 -

of the results of his blood sugar test; or that plaintiff asked either of them to call a doctor. Plaintiff has not presented sufficient facts to establish deliberate indifference to his medical needs.

Moreover, Exhibit B of plaintiff's original complaint, which he incorporated by reference to the instant amended complaint, includes a blood sugar check sheet specifically indicating that plaintiff did not require insulin until a change of procedure was ordered by Dr. Buckles on September 19, 2018, the day after Gregory and Wright assisted him in receiving a blood sugar test. ECF No. 1-2 at 2. Exhibit B further reflects that on September 19, 2018, plaintiff *was* given 10 units of insulin (70/30) in the morning with snack. *Id.* These supporting documents provided by plaintiff discredit his allegations against Gregory and Wright of deliberate indifference. In assessing whether an action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B), courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted), Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Additionally, as to plaintiff's allegation that Gregory and Wright failed to call a doctor in violation of "Policy and Procedure," it is well established that an internal jail policy or procedure does not create a constitutional right, and a jail official's failure to follow a jail's policy or procedure does not rise to the level of a § 1983 claim. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) ); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability).

Therefore, plaintiff's claim against Gregory and Wright in their individual capacities must be dismissed.

## 2. Lisa Hobusch

Plaintiff's individual capacity claim against defendant Nurse Hobusch must be dismissed. Plaintiff alleges that from August 21, 2018 to September 19, 2018, Nurse Hobusch refused to see him and refused to give him insulin. However, the blood sugar check sheets attached as Exhibit B to plaintiff's original complaint and incorporated by reference to the instant amended complaint, shows that starting on August 22, 2018 plaintiff was ordered to submit to blood sugar checks for seven (7) days but that he refused to comply on at least seventeen (17) occasions. Exhibit B also reflects that plaintiff was not prescribed insulin by a physician until September 19, 2018. Plaintiff does not allege that Nurse Hobusch had any authority to prescribe medication or determine eligibility for insulin. Even if she did have such authority, plaintiff does not allege how any such failure rose above the level of mere medical malpractice, inadvertent failure to provide adequate medical care, or simple negligence. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that medical malpractice, inadvertent failure to provide adequate medical care, or simple negligence does not amount to a constitutional violation).

Moreover, Exhibit A reflects that on September 14, 2018 Nurse Hobusch responded to plaintiff's medical request for insulin, in writing, by informing plaintiff that she did not have authority to prescribe him insulin, that he was scheduled for an appointment with a physician on September 19, 2018, and that his "refusal to check [his] blood sugars, take [his] morning meds, and the amount of sugar items [he] purchase[s] from commissary [would] be a factor in the doctor's advi[c]e." ECF No. 1-1 at 7. Plaintiff does not allege that Nurse Hobusch failed provide him with insulin after September 19, 2018 – the date he received such a prescription by a physician.

Therefore, plaintiff's claim against Nurse Hobusch in her individual capacity must be dismissed.

### 3. Dr. Unknown Buckles

Plaintiff's individual capacity claim against defendant Dr. Buckles must also be dismissed. Although plaintiff states he did not receive adequate medical treatment, he has not alleged that Dr. Buckles was directly involved in or personally responsible for specific violations of his constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). In order to state an actionable civil rights claim against a defendant, plaintiff must set forth specific factual allegations showing what that particular defendant actually did, or failed to do, that violated the plaintiff's federally-protected rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (a plaintiff must plead facts showing each named defendant's personal involvement in the alleged constitutional wrongdoing).

Plaintiff alleges that "[p]er Dr. Buckles order, [plaintiff] was denied insulin as stated in a Grievance on 9-11-2018, from Nurse Lisa Hobusch." ECF No. 10 at 5. Plaintiff does not allege that Dr. Buckles personally denied him treatment. To the contrary, plaintiff alleges that Dr. Buckles ordered that plaintiff be administered insulin and he does not claim that Dr. Buckles subsequently and personally refused to comply with his own order. Thus, plaintiff's allegations, without any additional facts, do not support the inference that Dr. Buckles was deliberately indifferent to plaintiff's serious medical need. Therefore, plaintiff's claim against Dr. Buckles in his individual capacity must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 23rd day of June, 2020.

*/s/ John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**